**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

Plaintiff,

vs. NO. 07-CR-518

KENNETH SCHULTZ,

Defendant.

**AMENDED MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR MODIFICATION OF PROBATION**

THIS MATTER comes before the Court on Defendant Kenneth Schultz' Motion for Modification of Conditions of Probation, filed January 25, 2011 (Doc. 41)("Motion"). The primary question is whether there exists any authority or legitimate grounds for the Court to modify the amount of restitution Defendant was ordered to pay pursuant to the Judgment entered against Defendant Schultz on April 30, 2009. Having considered the Motion, the Government's Response, the governing authority, and being otherwise fully advised, the Court finds the Motion not well-taken and it will be denied.

## I. Background

Defendant Kenneth Schultz, a former mayor of Albuquerque, pled guilty to one count of conspiracy and one count of mail fraud. *See* Plea Agreement (Doc. 8). The presentence report was prepared and reflected Schultz' guideline imprisonment range to be 12-18 months and also indicated that a sentence of probation was not authorized. The Government then filed a motion for downward departure, having determined that Schultz had rendered substantial assistance in

its investigation and prosecution of the case. In a sentencing hearing on April 29, 2009, the Court granted the Government's motion, accepted the plea agreement, and sentenced Schultz to a term of probation. The Court further ordered Schultz to pay restitution individually in the amount of $50,000.00, and $541,370.00 jointly and severally with his co-conspirators Manny Aragon, Toby Martinez, and Marc Schiff, for a total of $591,370.00. *See* Judgment of Conviction, filed April 30, 2009 (Doc. 32) at 2,4. The joint and several portion of Schultz' restitution was to be paid in monthly installments not less than fifteen percent of Schultz' net monthly income. *Id.* at 4.

As of January 25, 2011, Schultz had paid the full $50,000.00 of his individual restitution in a lump sum and $16,190.00 in monthly installments toward the joint and several portion of the restitution ordered. On January 7, 2011, Schultz filed the present Motion, requesting that "the Court relieve him of any further restitution payments." Motion at 3. On February 7, 2011, the Government filed its Memorandum in Opposition to Motion for Modification of Probation (Doc. 42). Schultz filed no reply.

## II. <u>Legal Standard</u>

A district court enjoys no inherent authority to modify a previously imposed sentence. *United Sates v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Instead, it may do so "only in specific instances where Congress has expressly granted the court jurisdiction to do so." *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996).

## III. <u>Discussion</u>

Defendant Schultz cites no authority in support of his request for relief from the restitution ordered. Instead, Schultz references the dollar amount of restitution he has already

paid and compares it to the dollar amount his co-conspirators have paid. Schultz also asserts that his age of seventy-three, his health being "not as good as it was when he was sentenced more than twenty months ago," and unfavorable comments related to his offenses reported in the media, render him unable to find employment. Reduced to its essence, Schultz' argument is that the source of payments he is making pursuant to the joint and several restitution order has changed from earned income to unemployment compensation, which leaves "less money that he can live on." Mot. at ¶ 4.[1]

Shultz cites no legal authority in support of his request to be relieved of his continuing obligation to pay joint and several restitution as a special condition of his probationary sentence and none of Shultz' assertions of fact confer jurisdiction on the Court to modify the restitution portion of the judgment entered against him. Instead,

> A district court is authorized to modify a defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so. Section 3582(c) of Title 18 of the United States Code provides three avenues through which the court may "modify a term of imprisonment once it has been imposed." A court may modify a sentence (1) in certain circumstances "upon motion of the Director of the Bureau of Prisons"; (2) to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; or (3) upon motion of the defendant or the Director of the Bureau of Prisons or on the court's own motion in cases where the applicable sentencing range "has subsequently been modified by the Sentencing Commisison."

*United States v. Blackwell*, 81 F.3d 945, 947-48 (10th Cir. 1996) (citations omitted). As the government identifies, the only of these three bases having any feasible implication on the matter at hand would be an express grant of authority under statute or Rule 35. Response at 4. Rule 35(a) of the federal Rules of Criminal procedure allows for correction of a sentence within

---

[1]The Court notes that the restitution payment is inherently reduced in proportion to Schultz' available funds, as it is ordered as a percentage of his net monthy income.

fourteen days of the imposition of sentence to remedy "arithmatic, technical or other clear error." Rule 35(b) applies "[u]pon the government's motion" in cases of substantial assistance. *See United Sates v. Blackwell*, 81 F.3d at 946. Rule 36 allows a court at any time to "correct a clerical error in the judgment. . .or correct an error in the record arising from an oversight or omission," but grants no authority for the court to relieve a defendant of a restitution order on the facts presented here. In summary, the court finds no legal support for the proposition that the Court can or should modify the previously imposed order of restitution.

WHEREFORE,

**IT IS ORDERED** that Defendant Kenneth Schultz' Motion for Modification of Conditions of Probation, filed January 25, 2011 (Doc. 41) is **DENIED**.

Dated April 11, 2011.

SENIOR UNITED STATES DISTRICT JUDGE